# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Paul Winford Owen, Jr., Respondent.

Appellate Case No. 2026-000380

---

Opinion No. 28348
Submitted July 16, 2026 – Filed August 12, 2026

---

## DEFINITE SUSPENSION

---

Disciplinary Counsel William M. Blitch, Jr., and
Assistant Disciplinary Counsel Susan J. Firimonte, both
of Columbia, for the Office of Disciplinary Counsel.

James Steedley Bogan, of Columbia, for Respondent.

---

**PER CURIAM:** In this attorney disciplinary matter, Respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, Respondent admits misconduct and consents to the imposition of a public reprimand or a definite suspension of up to six months. We accept the Agreement and suspend Respondent from the practice of law in this state for six months.

## I.

Respondent was admitted to practice in 1992. His prior disciplinary history includes two public reprimands: *In re Owen*, 422 S.C. 16, 809 S.E.2d 231 (2018) (citing Rule 45, SCRCP, and from the RLDE, Rules 3.4 (prohibiting a knowing violation of the rules of a tribunal); 4.1(a) (prohibiting a false statement to a third person); 8.4(d) (prohibiting dishonesty or misrepresentation); and 8.4(e) (prohibiting conduct prejudicial to the administration of justice)); and *In re Owen*, 417 S.C. 85, 789 S.E.2d 48 (2016) (citing Rules 1.1 (requiring competence); 3.1

(prohibiting frivolous proceedings); 3.3 (prohibiting a false statement of fact to a tribunal); 3.4 (prohibiting a knowing violation of the rules of a tribunal); 8.4(a) (prohibiting misconduct); 8.4(d) (prohibiting dishonesty or misrepresentation); and 8.4(e) (prohibiting conduct prejudicial to the administration of justice)).

Additionally, in September 2014, Respondent received a letter of caution citing Rule 1.3 (requiring diligence),[1] and in February 2007 Respondent received an admonition citing Rules 1.1 (requiring competence), 1.3 (requiring diligence), 1.4 (requiring timely and adequate communication), 8.4(a) (prohibiting misconduct); and 8.4(e) (prohibiting conduct prejudicial to the administration of justice).[2] Further, in August 2005, Respondent entered into a deferred disciplinary agreement citing Rules 1.1 (requiring competence), 1.3 (requiring diligence), 1.4 (requiring timely and adequate communication), 8.4(a) (prohibiting misconduct); and 8.4(e) (prohibiting conduct prejudicial to the administration of justice).[3]

The present Agreement between Respondent and ODC addresses three complaints.

**Matter A**

On January 25, 2018, Respondent was retained to represent clients A.L. and D.B. ("Complainants") in an adoption action. The retainer agreement between Complainants and Respondent included a provision associating a paralegal, M.C., to assist with Complainants' case for a separate fee. According to the fee agreement, M.C. would assist Respondent with the adoption as a paralegal to include assisting the biological mother for a period of time after her pregnancy and assist Complainants with their contact with the biological mother. The fee agreement further provided that M.C. was working for Respondent and Complainants as an independent contractor, not as Respondent's employee.

---

[1] *See* Rule 2(s), RLDE, Rule 413, SCACR (providing a letter of caution may be considered in a subsequent disciplinary proceeding if the caution or warning contained therein is relevant to the misconduct alleged in the proceedings).

[2] *See* Rule 7(b)(4), RLDE, Rule 413, SCACR (providing an admonition may be used in subsequent proceedings as evidence of prior misconduct solely upon the issue of sanction to be imposed).

[3] *See In re Toney*, 396 S.C. 303, 309 n.4, 721 S.E.2d 437, 440 n.4 (2012) (considering a prior deferred disciplinary agreement involving similar misconduct in concluding that Respondent engaged in a pattern of misconduct).

Respondent admits the fee agreement was unclear regarding the specifics of M.C.'s role in the adoption case.

Prior to Respondent filing the adoption action, Complainants advised M.C. at their initial meeting of potential legal and medical issues that could affect the adoption. Respondent was not present at the meeting, and Complainants never met with Respondent in person. At the meeting, M.C. advised Complainants not to disclose these issues to the birth mother. Complainants expressed concern to Respondent about this advice, but Respondent told them to follow M.C.'s advice. On April 4, 2018, the birth mother revoked her consent to the adoption after discovering the information withheld by Complainants.

Respondent admits he included the services of M.C. in his fee agreement and that this could be construed as fee sharing between Respondent and M.C. Respondent represents that the adoption did not go forward because the birth mother rejected the Complainants as prospective adoptive parents. Respondent admits that M.C., the birth mother, and Complainants had numerous interactions without his involvement outside the scope of his role as attorney. Respondent admits he failed to clarify the role of M.C. to the Complainants and the extent he would supervise her activities.

Respondent admits his conduct in this matter violated the following Rules for Lawyer Disciplinary Enforcement: Rule 1.3 (requiring diligence); Rule 1.4 (requiring timely and adequate communication); Rule 5.3 (requiring adequate and proper supervision of nonlawyers); Rule 8.4(a) (prohibiting misconduct). We further find Respondent's conduct in this matter violated Rule 5.4, RLDE (prohibiting fee-sharing with a non-lawyer).

**Matter B**

On March 28, 2018, Respondent was appointed as Guardian *ad Litem* to protect the interests of a defendant in a Department of Social Services action. On April 11, 2018, Respondent filed a motion to be relieved but never requested that the motion be scheduled for a hearing. On May 11, 2018, Respondent received notice of a merits hearing scheduled for June 7, 2018. At the time he received the notice, Respondent was still appointed on behalf of the defendant. Respondent failed to appear for the June 7, 2018 merits hearing. Respondent did not request a continuance or otherwise notify the court of an inability to attend the hearing.

On June 19, 2018, Respondent was served with a Rule to Show Cause scheduled for July 23, 2018, resulting from his failure to appear or communicate in any manner with the court regarding the June 7th hearing. Respondent appeared more than an hour late for the June 23 hearing without contacting the court. Respondent represents that he was late due to an appearance in bankruptcy court earlier in the day. At the hearing, Respondent informed the judge that he missed the June 7th hearing due to a calendaring error, explaining that he was "swamped at work." Respondent was held in contempt of court and fined $250.

Respondent admits his conduct in this matter violated the following Rules for Lawyer Disciplinary Enforcement: Rule 1.1 (requiring competence); 1.3 (requiring diligence); Rule 3.2 (requiring reasonable efforts to expedite litigation); Rule 3.4(c) (prohibiting a knowing violation of the rules of a tribunal); Rule 8.4(a) (prohibiting misconduct); and Rule 8.4(e) (prohibiting conduct prejudicial to the administration of justice).

## Matter C

Complainant, the Guardian ad Litem in an adoption action filed by Respondent, asserts numerous errors and inadequacies exhibited by Respondent in the adoption proceeding. Respondent admits there were errors in the case; however, he asserted that he has significant experience in adoption matters. These errors include: (1) filing the case after the statutory deadline; (2) attempting to have a non-attorney appointed as Guardian ad Litem; (3) not having the Guardian ad Litem present at the initially scheduled final hearing (bringing a report only); (4) not requesting the child's birth certificate and admitting he never obtained one, despite the statutory requirement to notify the individuals listed as parents on the birth certificate; (5) submitting pleadings and a proposed order containing multiple errors; (6) naming the birth parents in the original proposed final order in violation of the relevant statute; (7) failing to prepare a proposed order appointing the substitute Guardian ad Litem; (8) failing to provide the Guardian ad Litem with a copy of the file. Respondent represents that despite these errors, the adoption was ultimately approved. Respondent also admits that M.C., the same adoption consultant involved in Matter A, was also involved in this adoption and that the same retainer agreement form was used. Respondent asserts that he has now terminated his professional relationship with M.C.

Respondent admits his conduct in this matter violated the following Rules for Lawyer Disciplinary Enforcement: Rule 1.1 (requiring competence); 1.3 (requiring diligence); Rule 3.2 (requiring reasonable efforts to expedite litigation); Rule

8.4(a) (prohibiting misconduct); and Rule 8.4(e) (prohibiting conduct prejudicial to the administration of justice).

## II.

Respondent admits his misconduct as set forth above constitutes grounds for discipline under Rule 7(a)(1), RLDE, Rule 413, SCACR (providing a violation of the Rules of Professional Conduct constitutes a ground for discipline). As sanction for his misconduct, Respondent agrees to the imposition of a public reprimand or a definite suspension of up to six months. Respondent also agrees to pay costs within thirty days and complete the Legal Ethics and Practice Program Ethics School within one year.

In mitigation, Respondent offers two affidavits—one from a colleague and another from his treating physician.[4] These affidavits and attachments indicate Respondent is hardworking and creative and an asset to the Orangeburg County Bar. The affidavit of Respondent's physician indicates Respondent was diagnosed with cancer in January 2026.

## III.

Although we are sympathetic to Respondent's recent health struggles, there is no evidence these issues were a contributing factor to Respondent's misconduct, which occurred in 2018 and 2019. Additionally, in light of Respondent's disciplinary history involving instances of similar misconduct, we find a six-month definite suspension is appropriate in this matter. *See In re Stoddard*, 447 S.C. 482, 491, 928 S.E.2d 740, 745 (2026) (placing emphasis on a lawyer's disciplinary history involving a pattern of similar misconduct in determining the appropriate sanction). Accordingly, we accept the Agreement and suspend Respondent from the practice of law in this state for a period of six months.

Within fifteen days Respondent shall serve and file an affidavit with the Clerk of the Supreme Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR. Within thirty days, Respondent shall pay the costs incurred in the investigation and prosecution of this matter by ODC and the Commission on Lawyer Conduct. Within one year, Respondent shall complete the Legal Ethics and Practice Program Ethics School and promptly submit proof of completion to

---

[4] Respondent's motion to supplement the record with the January 14, 2026 pathology report referenced in his physician's affidavit is hereby granted.

the Commission on Lawyer Conduct.

**DEFINITE SUSPENSION.**

**KITTREDGE, C.J., JAMES, HILL and VERDIN, JJ., concur.**